UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-cv-826-FL

| | |
|---|---|
| LARRY WINSLOWE LEE and SUSAN PROVOST LEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CERTAINTEED CORPORATION; DANA COMPANIES LLC; FORD MOTOR COMPANY; FORMOSA PLASTICS CORPORATION U.S.A., sued individually and as parent, alter ego and successor-in-interest to J-M Manufacturing Company and to J-M A/C Pipe Corporation; GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association (a.k.a. NAPA); HAJOCA CORPORATION, sued individually and as successor-in-interest to Hughes Supply; HONEYWELL INTERNATIONAL, INC., sued individually and as successor-in-interest to Bendix Corporation f/k/a Allied-Signal, Inc.; J-M MANUFACTURING COMPANY, INC., sued individually and as parent and alter ego to J-M A/C Pipe Corporation; KAWASAKI MOTORS CORP., U.S.A.; METROPOLITAN LIFE INSURANCE COMPANY; PFIZER INC.; PNEUMO ABEX LLC, sued individually and as successor-in-interest to Abex Corporation and as succesor-in-interest to American Brakeblok; and YAMAHA MOTOR CORPORATION, U.S.A.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

ORDER

This matter comes before the court on motions to dismiss, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendants J-M Manufacturing

Company ("J-M Manufacturing") (DE 114) and Formosa Plastics Corporation U.S.A. ("Formosa") (DE 116). Plaintiffs have not responded within the deadline set by the court, and issues raised are ripe for ruling. For reasons that follow, the court grants the motions to dismiss.

## STATEMENT OF THE CASE

Plaintiffs, residents of Wake County, North Carolina, bring this action alleging a number of claims related to personal injury and loss of consortium. Plaintiff Larry Winslowe Lee ("Larry Lee") was diagnosed with mesothelioma on September 13, 2013. Plaintiffs allege that his condition resulted from exposure to asbestos during his employment as mechanics' helper, maintenance laborer, inspector, construction worker, and salesman, in addition to automotive maintenance work performed on his own personal vehicles and those of his family.

In complaint filed December 2, 2013, plaintiffs assert claims against a multitude of defendants: 1) AK Steel Corp. ("AK Steel"); 2) Briggs & Stratton Corporation ("Briggs & Stratton"); 3) Certainteed Corporation; 4) Clow Valve Company ("Clow Valve"); 5) Dana Companies LLC ("Dana Companies"); 6) Deere & Company; 7) Eckler's Corvette; 8) Ford Motor Company; 9) Formosa; 10) Genuine Parts Company; 11) Grinnell LLC ("Grinnell"); 12) Hajoca Corporation; 13) Hammer & Steel, Inc. ("Hammer & Steel"); 14) Honeywell International, Inc.; 15) J-M Manufacturing; 16) Kawasaki Motors Corp., U.S.A.; 17) McWane Inc. ("McWane"); 18) Metropolitan Life Insurance Company ("MetLife"); 19) Pfizer Inc.; 20) Pneumo Abex LLC; 21) Special Electric Company, Inc. ("Special Electric Company"); 22) Union Carbide Corporation ("Union Carbide"); and 23) Yamaha Motor Corporation, U.S.A.

All defendants, except MetLife, are alleged to have acted negligently in putting asbestos or asbestos-containing products into interstate commerce (First Cause), to have breached implied warranties that asbestos materials were of good and merchantable quality and fit for their

intended use (Second Cause), to have acted willfully and wantonly in exposing plaintiff Larry Lee to asbestos (Third Cause), to have committed false representation and fraud regarding the dangers of asbestos exposure to plaintiff Larry Lee (Fourth Cause), and to have failed to warn plaintiff Larry Lee of the dangers associated with asbestos exposure (Fifth Cause). Defendant MetLife is alleged to have engaged in a conspiracy and to be liable for punitive damages, where it is asserted that Metlife aided and abetted the negligence and marketing of asbestos-containing products (Sixth Cause). Conspiracy and punitive damages liability are also alleged against defendants Formosa and J-M Manufacturing for the manufacture and sale of asbestos-containing products (Seventh Cause).

Defendants AK Steel, Briggs & Stratton, Clow Valve, Dana Companies, Deere & Company, Eckler's Corvette, Grinnell, Hammer & Steel, McWane, Special Electric Company, and Union Carbide have been dismissed from the action. All twelve (12) remaining defendants have filed answers, generally denying plaintiff's allegations and raising a myriad of defenses, including, without limitation, failure to state a claim; superseding, intervening and contributory negligence; assumption of risk; compliance with state of the art; industry practice; statutes of limitations and repose; *res judicata*; and failure to join necessary parties.

On April 11, 2014, the court granted motions to dismiss filed by defendants Ford and Kawasaki, dismissing plaintiffs' claims against those defendants arising out of out of false representation/fraud (Fourth Cause).

Defendants J-M Manufacturing and Formosa filed the instant motions to dismiss on September 3, 2014, likewise seeking to dismiss plaintiffs' claims arising out of false representation/fraud (Fourth Cause). Deadlines to respond expired September 27, 2014, without plaintiffs filing response to either motion.

## STATEMENT OF FACTS

The facts as alleged by plaintiffs generally are as follows. From 1963 through the present, plaintiff Larry Lee held the following positions:

| POSITION | EMPLOYER/WORK SITE | APPROXIMATE DATES |
|---|---|---|
| Mechanics' Helper (Compl. ¶ 26(a)) | Standard Oil Gas Station (Vero Beach, FL) | 1963-1964 |
| Part-time Mechanics' Helper (Id.) | Pure Oil Co. Gas Station (Vero Beach, FL) | 1963-1964 |
| Laborer/Helper (Compl. ¶ 26(b)) | State of Florida, Entomology Research Laboratory | Approximately 1964- (unspecified date) |
| Inspector/Surveyor (Compl. ¶ 26(c)) | Florida Department of Transportation (Indian River County, FL) | Approximately 1968-1970 |
| Bridge Construction Superintendent (Id.) (Id.) | Perini Corporation (Indian River County, FL) | Approximately 1971-1972 |
| Head of Layout Design (Compl. 26(d)) | Gorham Construction (unspecified location) | Approximately 1973-1976 |
| Pipe Salesman (Compl. 26(e)) | Davis Water & Waste Supply n/k/a HD Supply (unspecified location) | Approximately 1976-1981, 1985-present |
| Pipe Salesman (Id.) | Underground Supply (unspecified location) | Approximately 1982-1985 |

In addition, plaintiff Larry Lee performed automotive maintenance work on his personal vehicles and on the vehicles of family members from approximately the late 1950s through the 2000s. (Compl. ¶ 26(f))

Plaintiff Larry Lee was exposed to asbestos through products that were present in these various positions. (Compl. ¶ 26) Defendants manufactured, supplied and distributed the products that exposed plaintiff Larry Lee to asbestos, leading him to contract mesothelioma. (Compl. ¶¶ 25, 28)

**COURT'S DISCUSSION**

A. Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In evaluating whether a claim is stated, "a court accepts all well-pled facts as true and construes these facts in the light most favorable" to the plaintiff, but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id.

B. Analysis

J-M Manufacturing and Formosa challenge plaintiffs' claim for false representation/fraud, arguing that plaintiffs have failed to meet requirements to plead fraud with

adequate specificity.  Federal courts sitting in diversity apply federal procedural law and state substantive law.  Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 261 n.3 (4th Cir. 2013).  Plaintiffs in diversity cases asserting a claim of fraud must meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 9(b); see Anderson v. Sara Lee Corp., 508 F.3d 181, 189 (4th Cir. 2007).

Under ordinary principles of federal pleading practice, a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  However, Rule 9(b) requires parties pleading fraud or mistake to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Fourth Circuit has noted that such circumstances include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).  A court should hesitate to dismiss a complaint under Rule 9(b) if the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and the plaintiff has substantial prediscovery evidence of those facts.  Id.  However, failure to meet the particularity rule may be cause for dismissal.  United States ex rel. Goldstein v. Fabricare Draperies, Inc., 84 F. App'x 341, 344-45 (4th Cir. 2004).  Lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6).  Harrison, 176 F.3d 776, 782 n. 4.

Plaintiffs' complaint does not include any of the details necessary to reach the heightened pleading standard of Rule 9(b).  There is no allegation of specific time, place or contents of any specific misrepresentation by either defendant J-M Manufacturing or defendant Formosa. Defendants cannot determine from this pleading the particular circumstances they will need to

respond to at trial. Accordingly, dismissal of plaintiffs' false representation/fraud cause of action (Fourth Cause) against these two defendants is necessary for failure to state a claim.

## CONCLUSION

For the reasons set forth above, the court GRANTS the motions to dismiss filed by defendants J-M Manufacturing (DE 114) and Formosa (DE 116).

SO ORDERED, this the 26th day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge