UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-cv-826-FL

| | |
|---|---|
| LARRY WINSLOWE LEE and SUSAN PROVOST LEE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| CERTAINTEED CORPORATION; GENUINE PARTS COMPANY, d/b/a National Automotive Parts Association (a/k/a NAPA); J-M MANUFACTURING COMPANY, INC., sued individually and as parent and alter ego to J-M A/C Pipe Corporation; KAWASAKI MOTORS CORP., U.S.A.; METROPOLITAN LIFE INSURANCE COMPANY; PNEUMO ABEX LLC, sued individually and as successor-in-interest to Abex Corporation and as successor-in-interest to American Brakeblok; and YAMAHA MOTOR CORPORATION, U.S.A.; | )<br>)<br>)<br>)<br>)<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

This case comes now before the court on defendant Pneumo Abex LLC's ("Pneumo") Notice of Joinder, seeking to adopt and incorporate "the Motions for Full and Partial Summary Judgment, and Memoranda in Support, filed by other Defendants in this matter."[1] (DE 156). The court construes this filing as defendant Pneumo's motion for summary judgment. Plaintiffs have responded, to which this defendant has replied. Where the motion suffers a host of procedural infirmities, for reasons given, it is denied.

---

[1] Other defendants filing motions pursuant to Rule 56 of the Federal Rules of Civil Procedure include: 1) J-M Manufacturing Company, Inc. ("JMM"); 2) Formosa Plastics Corporation U.S.A. ("Formosa"); and 3) Genuine Parts Company ("Genuine Parts").

## STATEMENT OF THE CASE

Reference is made to the court's order entered July 16, 2015, granting motion for summary judgment filed by defendant Formosa and granting in part and denying in part partial summary judgment motion filed by defendant JMM for its statement of the case, incorporated herein.

## STATEMENT OF THE UNDISPUTED FACTS

From 1963 to late 1964 or early 1965, plaintiff Larry Winslow Lee ("Larry Lee") worked at Standard Oil Station ("Standard Oil") in Vero Beach, Florida, where he performed 25-30 brake jobs. (Larry Lee Dep. Vol. I, 23:1-10, 24:18-21) (DE 167-1). He then worked at a Pure Oil Company ("Pure Oil") station in Vero Beach for approximately one year, performing around 25 brake jobs. (Id., 34:16-35:17). In 1966 or 1967, plaintiff Larry Lee switched his location of employment to a Texaco station in Wabasso, Florida, where he worked in a full or part-time capacity until 1971, performing 50-75 brake jobs over this timeframe. (Id., 41:23-42:16, 43:3-10, 44:6-10). From 1963 to 1990, he estimated performing "a couple [brake jobs] a year" for himself, family, friends, and relatives. (Id., 89:6-18). He continued performing brake maintenance until recently. (Id., 89:10-12).

To perform a brake job, the vehicle would be raised on a jack, and the wheel would be removed, along with the hub, also referred to as a brake drum. (Id., 25:14-20, 26:6-8). This would expose the brakes and brake shoes. (Id., 25:17-20). Plaintiff Larry Lee testified that the brakes used for replacements were often oversized and that "we would have to file the brakes a little bit" to put them on the vehicle. (Id., 26:18-27:14, 36:16-37:8, 44:23-45:20, 91:6-15). This occurred on approximately half of the jobs that plaintiff Larry Lee performed in the course of his

2

employment, although he did not testify as to how often it occurred during the personal brake jobs he performed. (Id.). The filing process, also referred to as sanding, created dust which plaintiff Larry Lee inhaled. (Id., 28:2-17, 37:9-18, 46:12-47:2, 91:21-92:5). In addition to breathing dust from sanding, plaintiff Larry Lee testified to inhaling dust released from the brake shoes and lining when he opened brake boxes at Standard Oil. (Id. 28:18-29:24). He also testified to performing clean-up duties while employed at Standard Oil and Pure Oil, including cleaning of the areas where brake jobs were performed. (Id. 33:16-34:12, 41:1-22).

In each of his employment and personal capacities, plaintiff Larry Lee primarily performed brake work with brakes manufactured by Rayloc[2] including American Brakeblok linings.[3] (Id., 24:23-25:1, 29:25-30:4, 36:4-7, 37:22-38:5, 44:11-15, 90:1-6). American Brakeblok linings were manufactured by Abex Corporation and contained approximately 25% to 65% chrysotile asbestos. (Abex Corp. Oct. 1, 1985, Resp. to Interrogs., 10) (DE 167-4).[4] The brake linings were manufactured from 1938 until at least 1984, and were the primary linings used for Rayloc brakes. (Abex Corp. July 14, 1984, Resp. to Interrogs., 10) (DE 167-5), (Dep. of Paul LeCour ("LeCour"), 21:5-10) (DE 167-6).[5]

Plaintiff Larry Lee moved from Florida to North Carolina in 1985. (Larry Lee Dep., Vol. I, 9:9-18, 76:23-77:3). He was diagnosed with mesothelioma in September 2013. (Id., 109:18-

---

[2] Plaintiffs allege that defendant Genuine Parts was a manufacturer and supplier of Rayloc brakes. (Compl. ¶ 11) (DE 1). Without reference to Rayloc particularly, defendant Genuine Parts answers that it sold "certain automotive products" in North Carolina. (Answ. ¶ 11) (DE 27).

[3] As noted, Pneumo is sued individually and as successor-in-interest to Abex Corporation and as successor-in-interest to American Brakeblok. (Compl. ¶ 11)

[4] These interrogatory responses relied upon by plaintiffs were given in a case initiated in the United States District Court for the Eastern District of North Carolina in 1985, Bell v. Bendix Corp., et al., No. 85-119-CIV-5.

[5] These interrogatory responses relied upon by plaintiffs were given in a case initiated in the California Superior Court in 1984, Kane v. Johns-Manville Corp., et al., No. C 258 940. Deposition of LeCour, testifying on behalf of Genuine Parts as an operations senior technical adviser, was given in a case initiated in the Ohio Court of Common Pleas in 2009, Harris, et al. v. Goodyear Tire & Rubber Co., et al., No. CV-09-686099. LeCour testified therein that Rayloc is a division of Genuine Parts. (Lecour Dep., 10:21-22).

24).  Plaintiffs' medical expert, John Maddox, M.D., has opined that the disease was caused by exposure to asbestos, including exposure to dust from asbestos-containing friction products such as brakes and brake linings.  (Aff. of John Coulter Maddox, 2, 6, 26-29) (DE 167-3).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  This standard is met when "a reasonable jury can reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005).  On the other hand, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and summary judgment should be denied. Id. at 489-90.

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but rather contemplates whether a genuine issue exists for trial. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).  In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  Nevertheless, such inferences "must still be within the range of reasonable probability" and the court should issue summary judgment "when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quoting Ford Motor Co. v. McDavid, 259 F.2d 261, 266 (4th Cir. 1958)).  Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of

summary judgment.  Anderson, 477 U.S. at 247–48.  Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion.  Id. at 248–49.

The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

B.  Analysis

1.  Defendant Pneumo Fails to Comply with Rule 56

Defendant Pneumo fails to comply with Rule 56, where the body of the filing consists, in its entirety, of the following statement:

> COMES NOW, Defendant Pneumo Abex LLC, by and through counsel, and hereby adopts and incorporates the Motions for Full and Partial Summary Judgment, and Memoranda in Support, filed by other Defendants in this matter, whether they remain in the case at trial or not, and to the extent those Motions are not inconsistent with Pneumo Abex LLC's position and defenses in this case.

(Notice of Joinder) (DE 156).

Rule 56 requires that a movant "*show*[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a) (emphasis added).  A party seeking to establish the absence of a genuine dispute must support the assertion by "citing to particular parts of the materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). As referenced above, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." Celotex, 477 U.S. at 323.

5

Defendant Pneumo fails to cite to any materials in the record demonstrating the absence of a genuine dispute, in direct support of its motion.[6] Fed. R. Civ. Pro. 56(c)(1). It makes a general reference to other motions for summary judgment filed in this proceeding, but fails to make clear which motions or arguments it seeks to join, leaving it to the reader to divine whether any motion made by defendants JMM, Formosa, and Genuine Parts, or any part thereof, is consistent with defendant Pneumo's position in the case. Where defendant Pneumo submitted its notice, construed as a motion, without any individualized showing, save as attempted in its reply, its motion is deficient under the rule.

2. Defendant Pneumo Fails to Comply With the Local Civil Rules

The court also finds the motion fails to comply with Local Civil Rule 7.1(d) of the Eastern District of North Carolina, which requires that, except for certain motions not applicable here, "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum."

Defendant Pneumo's cursory attempt to incorporate memoranda filed in support of other motions for summary judgment does not satisfy the court's local rule under the facts and circumstances presented.[7] Failure to comply with Local Civil Rule 7.1(d) is grounds for denying the motion. Higgins v. Spence & Spence, PA, No. 5:07-CV-33-D(1), 2009 WL 536069, at *2 (E.D.N.C. March 3, 2009) (citing cases); Nationwide Mut. Ins. Co. v. McMahon, 365 F. Supp. 2d 671, 673 (E.D.N.C. 2005); see also Fayetteville, Cumberland Cnty. Black Democratic Caucus

---

[6] As discussed later, it seeks to form a motion for summary judgment particular to it in the context of its reply, to which it appends certain evidence of record. This belated attempt does not meet the requirement of Rule 56 nor this court's local rules.

[7] This is not to say that the court cannot envision a circumstance where one party may launch a motion off the back of a memorandum filed by another, but, as plain, no such circumstance is presented here. The separate motions to which reference is made, on behalf of JMM, Formosa, and Genuine Parts, are advanced on specific arguments regarding particular materials pertinent to each moving defendant, facts regarding whether a defendant has assumed the liabilities of another company, whether evidence is sufficient to disregard the corporate form regarding a particular defendant, the appropriate choice of law rules based on the circumstances of plaintiff Larry Lee's exposures to specific products, and whether evidence of a particular defendant's willful or wanton conduct is sufficient.

6

v. Cumberland Cnty., N.C., No. 90-2029, 1991 WL 23590, at *3 (4th Cir. Feb. 28, 1991) (affirming district court's denial of summary judgment motion on basis of predecessor rule to Local Civil Rule 7.1(d)).

While objecting to the form of motion as improper (instead of moving to strike it), plaintiffs, "out of an abundance of caution," crafted a response thereto. (Response, 1) (DE 167). Surmising that "[t]he only arguments raised by other Defendants that could possibly apply to [Pneumo] are the request for the application of Florida law made by [JMM and Formosa],[8] and the motion for partial summary judgment on Plaintiffs' punitive damages claim raised by [JMM, Formosa, and Genuine Parts]," plaintiffs lay out their opposition in their response.

With benefit of that response, defendant Pneumo seeks to add some missing meat to the bones of its notice, in its reply filed April 17, 2015. Adhering to plaintiffs' expressed view of the arguments "possibly apply[ing]" to defendant Pneumo made by the other movants, defendant Pneumo musters several arguments in support of summary judgment in its favor on plaintiffs' punitive damages "because Plaintiffs' claim is not appropriate under either North Carolina or Florida law." (Reply, 1) (DE 176). In furtherance of its motion, defendant Pneumo relies on a couple of depositions and correspondence appended to its reply, (DE 176-1, 2, 3), which should

---

[8] By the time defendant Pneumo made its reply April 17, 2015, to plaintiffs' response, defendants JMM and Formosa had abandoned their arguments on which defendant Pneumo sought to join March 11, 2015, concerning application of Florida law. Defendant JMM stated in its reply that it "is no longer seeking the application of Florida law for [plaintiffs' punitive damages] claim" on the basis of plaintiffs' clarification that they do not contend JMM has any liability for Johns-Manville pipe except to the extent it sold this asbestos containing product after it took over Johns-Manville's pipe operations. (JMM Reply, 2) (DE 173). Defendant Formosa, too, put that argument to the side with statement in its reply that "Formosa is no longer seeking the application of Florida law . . . ." (Formosa Reply, 1 n. 1) (DE 174).

have accompanied a properly filed and supported motion.[9] Local Civil Rules of Practice and Procedure 7.1(d).

Response is made to a motion; it is not countenanced under the local civil rules to a reply, which itself is discouraged. See Local Civil Rules of Practice and Procedure 7.1 (proper motion practice consists only of a motion and an accompanying supporting memorandum, response, and reply, and reply briefs are discouraged); Severino-Todd v. Wal-Mart, Inc., No. 5:11-CV-336-BR, 2011 WL 6370483, at *3 n. 4 (E.D.N.C. Dec. 20, 2011) ("Neither the Federal Rules of Civil Procedure nor this court's local rules of procedure provide for the filing of sur-reply briefs.").

Plaintiffs have no opportunity now to respond, absent some special directive from this court, to arguments and/or materials first addressed in the reply, in contravention of the court's local rules. While the court has authority to reopen briefing, to permit sur-reply, it declines so to do in this instance, given the totality of defects in defendant Pneumo's attempted presentation of motion.

3.  Defendant Pneumo Fails to Comply With the Court's Scheduling Order

Motions for summary judgment in this case were due March 10, 2015. (Dec. 24, 2014 Order) (DE 128). The motion wasn't attempted to be formed as it relates to defendant Pneumo until over a month after the motions filing deadline in the form of its reply. This defendant's failure to comply with the court's scheduling order also is held against it.

---

[9] Defendant Genuine Parts seeks in its motion to show plaintiffs' claim premised upon alleged willful and wanton conduct must fail because plaintiffs have not produced any evidence that defendant Genuine Parts knew of the alleged dangers of using automotive brakes that contain encapsulated chrysotile asbestos. Defendant Pneumo signals potential contest with Genuine Parts as it relates to interpretation of defendant Pneumo's actions to warn defendant Genuine Parts. In its April 17, 2015, reply, defendant Pneumo relies on correspondence dispatched to a L.W. Moore on behalf of Rayloc dated May 28, 1975, and inquiry into that missive at several depositions in other cases, to show that it in fact alerted Genuine Parts to the dangers of asbestos exposure. Where this court does not reach any issues between defendants Pneumo and General Parts on defendant Pneumo's procedurally defective motion, and defendant Genuine Parts's motion remains undecided, the court leaves for another day substantive consideration of any actions as between these defendants.

For all of these reasons, the court finds defendant Pneumo's motion procedurally defective and inadequate. The motion is denied.

## CONCLUSION

In accordance with the foregoing, the court DENIES defendant Pneumo's motion for summary judgment, styled as a "Notice of Joinder." (DE 156).

SO ORDERED, this the 19th day of July, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge