| | |
|---|---|
| **LARRY WINSLOWE LEE and SUSAN PROVOST LEE,** ) ) ) **Plaintiffs,** ) ) **v.** ) ) **AK STEEL CORP., et al.,** ) ) **Defendants.** ) | **JURY TRIAL DEMANDED** |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL BERRYMAN

Pursuant to Rules 402, 403, and 702 of the Federal Rules of Evidence, Plaintiff hereby moves to exclude the testimony of Michael Berryman, designated as an expert by Defendant J-M Manufacturing Company ("JMM"), because his opinions lack foundation and admission of his testimony would confuse and mislead the jury.

## INTRODUCTION

Michael Berryman is a general contractor. He has never worked with Larry Lee, or even been present during the cutting and installation of asbestos-cement pipe (A/C pipe). Yet he offers three opinions to question the credibility of Larry Lee's testimony that in his capacity as a salesman of A/C pipe he visited construction sites and was often present when A/C pipe was cut.

Mr. Berryman's opinions are entirely inappropriate under Rule 702 of the Federal Rules of Evidence. He is impermissibly commenting on the credibility of Larry Lee's exposure testimony. Mr. Berryman also lacks a reliable foundation for his opinions in violation of Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509

U.S. 579 (1993). His opinions are also inadmissible under Rule 403 of the Federal Rules of Evidence because his unsupported speculation is likely to confuse and mislead the jury.

## ARGUMENT AND AUTHORITIES

Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The prerequisites for expert opinion testimony are: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. "The touchstones for admissibility under Daubert are two: reliability and relevancy." *United States v. Crisp,* 324 F.3d 261, 268 (4th Cir. 2003). "The proponent of expert testimony has the burden of establishing its admissibility by a preponderance of proof." *Smith v. Wyeth-Ayerst Labs. Co.*, 278 F. Supp. 2d 684, 691 (W.D.N.C. 2003).

**I.    Mr. Berryman's testimony impermissibly usurps the jury's role in determining the credibility of a witness.**

"Generally, the use of expert testimony is not permitted if it will usurp . . . the role of the jury in applying th[e] law to the facts before it." *United States v. Chapman*, 209 Fed. Appx. 253, 269 (4th Cir. 2006). Evaluating the credibility of a witness is strictly an issue for the jury. *United States v. Cecil*, 836 F.2d 1431, 1441 (4th Cir. 1988). Credibility is therefore not a proper subject for expert testimony. *United States v. Vest*, 116 F.3d 1179, 1185 (7th Cir. 1997). "[E]xpert testimony can be properly excluded if it is introduced merely to cast doubt on the credibility of other eyewitnesses, since the evaluation of a witness's credibility is a determination usually within the jury's exclusive purview." *United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1995).

The entire purpose of Mr. Berryman's testimony is to comment on the credibility of Larry Lee's testimony that as part of his job as an A/C pipe salesman, he visited construction sites where workers cut A/C pipe in his presence. Mr. Berryman offers three opinions, all of which have to do with whether it was "likely" that Mr. Lee would have taken particular actions or would have known certain information, and each of which is in direct contradiction to Mr. Lee's testimony. Such "opinions," designed to cast doubt on the veracity of Mr. Lee's testimony, are a completely improper subject for expert testimony.

Mr. Berryman's first opinion is that, "[a]s a salesman for Underground, it is highly likely that Lee interfaced with the pipe installation contractors and engineers at their main office addresses, away from where AC pipe was being installed and potentially cut on occasion." **Ex. 1**, Berryman Report, 3/6/15, at 4. Mr. Lee testified to the opposite—that he generally met with contractors in the field and was present when they were cutting A/C pipe. **Ex 2**, Larry Lee Video Depo., at 72:11-75:7. He estimated that during his time at Underground Supply he was present "probably hundreds of times" while Johns Manville asbestos cement pipe was sawed. *Id.* at 73:20-23.

Mr. Berryman's opinion is that Mr. Lee would not have met with pipe contractors in the field and that, at best, he is "misremembering what occurred." **Ex. 3**, Berryman Depo., 11/18/15, at 26:15-27:5, 28:14-22. He believes it would be "unreasonable" for Mr. Lee to meet with pipe contractors in the field. *Id.* This is an attack on Mr. Lee's credibility and memory about his own work over many years and at hundreds of job sites. While JMM is free to question Mr. Lee's credibility through cross-examination, it may not do so in the guise of "expert" testimony from someone who just does not believe Mr. Lee. Whether Mr. Lee's was truthful and accurate about his work experiences around A/C pipe is solely a matter for the jury.

Mr. Berryman's other two opinions are similar improper commentaries on Mr. Lee's credibility. He believes it "likely that Lee is mistaken in his description of having been near the cutting of AC pipe when he was employed as a salesman at Underground Supply." Berryman Report, at 5. Further, "[h]is exposure to pipe cutting, if any, would be infrequent." *Id.* Again, this directly contradicts Mr. Lee's account of his work practices during the almost two decades he sold A/C pipe. Mr. Berryman's belief that Mr. Lee was "mistaken" about what he experienced and witnessed is a gross usurpation of the jury's factfinding role. Mr. Berryman thinks it would be "unreasonable" for a salesman to walk as far on a job site as would be necessary to witness the cutting of A/C pipe, Berryman Depo. at 29:21-31:18, but his personal view of the reasonableness or likelihood of Mr. Lee's conduct is not a proper subject for an expert.

Mr. Berryman's third opinion is likewise an improper judgment about the reasonableness of Mr. Lee's conduct. He opined that it is "likely" that Mr. Lee would have known that it violated OSHA standards to saw A/C pipe in the manner he witnessed and, "yet, he did not pay attention to them." Berryman Report, at 5-6. It is not for Mr. Berryman to determine what Mr. Lee knew about OSHA or comment about whether Mr. Lee was "paying attention" to OSHA standards. Mr. Berryman appears to be suggesting that Mr. Lee did not act reasonably, a judgment that he is not permitted to make as an expert. Once again, these are topics for cross-examination, not expert testimony. Mr. Lee was already subject to cross-examination by Defendants and he is in the best position to testify about these matters directly.

Because Mr. Berryman's opinions focus entirely on his own assessment of Mr. Lee's credibility, his testimony exceeds the bounds of proper expert testimony. He is attempting to make judgments about the facts that must be left to the jury. His personal views about whether Mr. Lee's conduct was "likely" or "reasonable" are not helpful to the trier of fact, as the jury will

4

be perfectly capable of evaluating Mr. Lee's testimony with their own common sense and experience. Mr. Berryman's testimony should therefore be excluded under Rule 702.

**II.     Mr. Berryman lacks an adequate foundation for his opinions.**

Mr. Berryman lacks personal knowledge of Mr. Lee's work practices on construction sites, and thus has no foundation to opine about whether he was "likely" to have been in the field and around the cutting of A/C pipe. Mr. Berryman's opinions are based entirely on his *own* experience as a general contractor, and he assumes that his experience with pipe salesman must be universal and must have also been Mr. Lee's experience, despite Mr. Lee's testimony to the contrary. Berryman Depo., at 16:14-17:6. His assumptions are unwarranted. There is no need to assume or speculate about Mr. Lee's presence around A/C pipe, as Mr. Lee has clearly explained the circumstances of his sales calls and visits to construction sites that brought him in close contact to pipe contractors working with A/C pipe.

Because Mr. Berryman lacks the foundation necessary for his opinions, he can only offer speculation about what Mr. Lee would have done based on Mr. Berryman's own construction work. "Speculation is not a reliable basis for expert opinion." *Smith*, 278 F. Supp. 2d at 691. Because the subject of an expert's testimony must be "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702, the Supreme Court has instructed that the expert's testimony must be "ground[ed] in the methods and procedures of science," and amount to more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. The Fourth Circuit has recognized that, "*Daubert* aims to prevent expert speculation." *Bryte v. Am. Household, Inc.*, 429 F.3d 469, 477 (4th Cir. 2005).

Mr. Berryman offers speculation because he was not present with Mr. Lee on any construction sites, never performed the same work as Mr. Lee did, never visited any of the work

5

sites where Mr. Lee sold A/C pipe, never worked with any of Mr. Lee's co-workers, and did not even work in the same states as Mr. Lee did. Berryman Depo. at 23:16-24, 24:22-24, 32:7-10. Mr. Berryman never sold A/C pipe or any other construction materials. *Id.* at 24:10-18. He never had the same job title, position, or responsibilities as Mr. Lee. *Id.* at 23:25-24:9. As a general contractor, he can only offer that he "interfaced" with pipe salesman and recount his own practices in that regard. *Id.* at 14:17-15:10. Mr. Berryman never interacted with someone selling A/C pipe, as Mr. Lee did. *Id.* at 16:1-6. Mr. Berryman could not recall ever being on a work site where he interfaced with an A/C pipe salesman or was around people working with A/C pipe. *Id.* at 16:7-13. He cannot recall with specificity that he was ever around the cutting of A/C pipe. *Id.* at 33:8-11.

In addition to relying on his own impermissible speculation, Mr. Berryman also cites one OSHA regulation regarding the requirement that saws for cutting A/C pipe were required to be outfitted with exhaust ventilation and dust collectors. Berryman Report, at 6. His opinion is not that Mr. Lee violated any OSHA regulation, but just that the cutting of A/C pipe with a saw violated OSHA. Berryman Depo. at 36:15-37:18. Mr. Berryman claims to be an "expert" on OSHA, but other than having to comply with OSHA regulations—just like everyone who ever worked in any industry after 1971—Mr. Berryman does not have any special knowledge about OSHA or the asbestos regulations. Berryman Depo. at 34:15-35:6. He has not been involved in drafting OSHA regulations or writing about OSHA or workplace safety. *Id.* at 34:8-14. He could not discuss any OSHA asbestos regulations off the top of his head, did not know anything about the labeling requirements for asbestos products, and could not say what the permissible exposure limits were or how they changed over time. *Id.* at 35:7-14, 37:19-38:15, 39:9-38:24.[1] He testified

---

[1] Mr. Berryman did not accurately remember the only OSHA asbestos PEL he cited in his deposition. He thought the PEL was 12 fibers per cubic centimeter (f/cc) in 1972. Berryman Depo., at 39:16-20. That is

6

that he would have to research the regulations and consult the text in order to recall the contents of the regulations. *Id.* at 35:7-14. This does not constitute expertise and will not assist the jury in understanding any specialized or technical information outside the realm of their own experience.

Mr. Berryman has failed to provide an adequate foundation for any of his three opinions in this case, in contravention of the most basic requirements for expert testimony under Rule 702 and *Daubert*. His testimony must therefore be excluded.

**III.    Mr. Berryman's testimony should be excluded under Rule 403 because it will confuse and mislead the jury.**

Mr. Berryman's opinions should also be excluded under Rule 403. That rule provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Rule 403 should be applied to exclude overly prejudicial evidence offered by expert witnesses because, "'[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.'" *Daubert*, 509 U.S. at 595 (quoting Weinstein, *Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be Amended*, 138 F.R.D. 631, 632 (1991)) In fact, "'[b]ecause of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.'" *Id.*

---

incorrect. That was the first asbestos PEL, published in May 1971. In December 1971, the asbestos PEL was dropped to 5 fibers/cc as an emergency temporary standard. In 1972, the final rule provided for a 5 fibers/cc PEL, but warned industry that a 2 f/cc standard would go into effect in 1976. The PEL was lowered several times thereafter, until it reached its current level of 0.1 f/cc in 1994. **Ex. 4**, Martonik et al., *The History of OSHA's Asbestos Rulemakings and Some Distinctive Approaches that They Introduced for Regulating Occupational Exposure to Toxic Substances*, AIHAJ 62:208-217, 209-10 and Table II (2001).

7

There is a substantial danger that Mr. Berryman's testimony will confuse and mislead the jury. He is testifying about factual events as if he knows what happened to Mr. Lee, when his opinions are purely the result of his own speculation. If the jury hears his speculative opinions, they are going to be confused about the factual record. They may also give undue credit to his opinion as an expert, even though it is based on nothing more than his own experiences, not Mr. Lee's. The jury will be misled by this testimony. Mr. Berryman's opinions should therefore be excluded under Rule 403 as confusing and misleading.

## CONCLUSION

WHEREFORE the Plaintiff respectfully asks this Honorable Court to grant this motion and exclude the testimony of Michael Berryman.

This the 24th day of November, 2015.

Respectfully submitted,

/s/ *Kevin W. Paul*
Kevin W. Paul (*Pro Hac Vice*)
MSBA #43730
Attorney for Plaintiff
Simon Greenstone Panatier Bartlett
3232 McKinney Ave, Ste 610
Dallas, TX 75204
214-276-7680
kpaul@sgpblaw.com

*/s/ Janet Ward Black*
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC  27401
336-333-2244
jwblack@wardblacklaw.com
*Local Rule 83.1 Counsel*

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 24, 2015, I electronically filed the foregoing true and correct copy of MEMORANDUM IN SUPPORT OF PLAINTIFFS' *DAUBERT* MOTION TO EXCLUDE THE EXPERT OPINION TESTIMONY OF MICHAEL BERRYMAN with the Clerk of Court using the CM/ECF System which will send notification of such filing to all counsel of record in the above-referenced matter.

*/s/ Kevin W. Paul*
Kevin W. Paul