# EXHIBIT 1



# Berryman

426 N.W. 5TH
Oklahoma City, OK 73102
Off: (405) 235-4646
Fax: (405) 235-3311
Email: mberryman@berrymanokc.com

March 6, 2015

Ryan Browning
Manion, Gaynor & Manning, LLP
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801

**Re: Larry Winslowe Lee and
Susan Provost Lee, Plaintiffs
v.
AK Steel Corporation, et al.,
United States District Court
Eastern District of North Carolina
Civil Action No: 5:13-CV-826-FL
Berryman Project No. 14-12-07E**

Dear Mr. Browning:

The following report details to date my pertinent opinions and can be changed only in writing by the undersigned. My opinions are based upon my review of the documentation provided to me. In forming my opinions I utilized my thirty-six (36) years of experience as a construction general contractor as well as my formal education, training and knowledge previously acquired. I reserve the right to supplement this report to address additional information made available to me and to provide illustrative exhibits at a later date.

I have reviewed the following documents in this matter:

## Document

1. Plaintiff's complaint
2. Plaintiff's Answers to Master Discovery
3. Plaintiff's Amended Answers to Master Discovery

Larry Winslowe Lee and
Susan Provost Lee v.
AK Steel Corporation, et al.

March 6, 2015
Page 2

4. Deposition of Larry Winslowe Lee, 3/24/14 and 3/25/14
5. Case Management order
6. Social Security records
7. Military records
8. Pathology report and records, Duke Medical Center
9. Medical billings from Duke Surgical Pathology
10. Medical billings from Duke Medical Center
11. Medical records from Dr. Singer of UNC Health
12. Doctor and hospital list
13. Dr. Brody's expert report, CV and former testimony
14. Lung slides from 4/10
15. Dr. Holstein's expert report, CV and former testimony
16. Dr. Holstein's asbestos references list
17. Dr. Maddox's expert report, CV and former testimony
18. Dr. Maddox's Reliance article list
19. Dr. Thompson's expert report, CV, case list and compensation
20. Deposition of Bobby Lee taken 5/28/14
21. Plaintiff's Amended Answers to Defendant JMM's First Set of Interrogatories
22. Deposition of Larry Winslowe Lee taken 12/02/14; Deposition of Susan Lee taken 12/02/14; Deposition exhibits 4-15 taken on 12/02/14
23. Federal register, Vol. 36, No. 234, Title 29 Labor, Chapter XIII, Part 1518
24. "The History of OSHA's Asbestos Rulemaking and Some Distinctive Approaches that They Introduced for Regulating Occupational Exposure to Toxic Substances". Authored by Martonik, Nash and Grossman, AIHAJ March/April 2001, pages 208-217.

I have been a general contractor since 1978 and have constructed and/or renovated numerous building structures while serving in the capacity of the prime contractor. I routinely enter into construction contracts and interpret the architectural plans, specifications and other contract documents in the performance of construction work. I interface with architects, engineers, municipal building department officials and building owners in the ordinary course of the general construction business. I am knowledgeable of the construction means and methods as well as the sequencing of construction activities required to perform construction projects.

It is my understanding that the Plaintiffs in this matter claim that Mr. Larry Lee (Lee) was harmed by the deleterious effects that can be caused from certain types of exposures to asbestos containing materials (ACM). Lee believes that his damages stem from his exposure to ACM via many sources, including exposure to AC water and/or sewer pipe, manufactured by J-M Manufacturing Company, Inc. (JMM). I reviewed the documents outlined above in order to

Larry Winslowe Lee and
Susan Provost Lee v.
AK Steel Corporation, et al.

March 6, 2015
Page 3

determine the relative likelihood that Mr. Lee was exposed to AC water/sewer pipe as he testified.

# BACKGROUND

Larry Lee testified:

- He worked for Gorham Construction from 1973-1976 in the field laying water and sewer pipe. (*L. Lee deposition Volume I, Lee v. AK Steel Corporation, et al., 3/24/14, page 189, lines 15-page 192, line 23*). Later, he moved into a sales position for Davis Underground, selling water and sewer pipe.

- Following his employment at Davis, he worked for Underground Supply (Underground) from approximately 1981 to 1985 (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 258, lines 4-8),* again, as a salesman of water and sewer pipe. He sold an average of two (2) "jobs" a year to customers using asbestos cement pipe. (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 261, lines 7-25*). His job as a salesman at Underground was almost the same as his previous sales position with Davis Underground from 1976-1981 (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 267, lines 5-11*). In 1985 he went back to work for Davis as a branch manager of sales in Raleigh, North Carolina (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 311, line 22-page 313, line 12*).

- While in the employ of Underground he neither attended American Waterworks Association (AWA) meetings nor read any written materials promulgated by the AWA or the Asbestos Cement Pipe Producers Association (ACPPA). Although he knew there were certain standards established by OSHA at the time, he did not really pay attention to it (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 263, lines 21- page 264, line 17*). He did not recall any warnings on pipe manufactured by J-M Manufacturing. (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 314, line 15- page 315, line 19*).

- He called on contractors and engineers who were responsible for designing and awarding contracts for pipe work. (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 301, lines 7-11*). He received specifications and drawings from engineers and contractors and would bid on selling pipe (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 309, lines 19-22*).

Larry Winslowe Lee and  
Susan Provost Lee v.  
AK Steel Corporation, et al.

March 6, 2015  
Page 4

- Based on his experience actually laying water and sewer pipe while employed by Gorham, he described single water and sewer pipe installation job as being 2,000-7,000 lineal feet in length and typically proceeding at a rate of 400-500 lineal feet per day. (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 233, lines 24-page 235, line 13*). He visited the jobsite at least once a week (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 249, lines 25-page 250, line 4*) (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 316, lines 17-20*)

- When he visited jobsites he would work with the job foreman and actual construction laborers. (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 329, lines 6-14*). He checked to make sure the correct material was on the job. (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 247, lines 2-6*)

## **OPINION SUMMARY**

I have formed the following opinions in this matter:

***Opinion #1:*** **As a salesman for Underground, it is highly likely that Lee interfaced with the pipe installation contractors and engineers at their main office addresses, away from where AC pipe was being installed and potentially cut on occasion.**

Basis 1.1. It is typical in the construction industry that the meetings to review construction plans and specifications for materials which vendors sell and supply take place in a corporate office setting prior to the actual need for the material. The corporate office is most often not located near the site where the purchased materials will be used.

Basis 1.1.1: Typically, the engineer specifies the pipe performance standards, the pipe material and the manner in which it will be installed. These activities are performed in an office setting that is conducive to such activities. It is likely that Lee visited engineers in their corporate offices.

Basis 1.1.2: The installation contractor is responsible for the procurement of the pipe materials and installation. The review and acceptance of material bid proposals, like those that would have been submitted by Lee, is conducted by the installation contractor's Project Manager. A Project Manager's role is administrative oversight of the project. He is the person that "buys out the project" or makes the actual decision to purchase from one supplier or another over the course of the project. Due to the paperwork intensive tasks

Larry Winslowe Lee and
Susan Provost Lee v.
AK Steel Corporation, et al.

March 6, 2015
Page 5

and responsibilities of a Project Manager, his duties are best performed in an office setting away from where the work is actually being performed.  It is highly likely that Lee would have dealt one-on-one with construction Project Managers to secure sales.

<u>Basis 1.1.3:</u>  Conversely, the Job Superintendent and/or Construction Foreman are based in the field, near the actual construction activity, and oversee the field activities.  Except for the procurement of minor ancillary items, the Job Superintendent and Job Foreman do not participate in the "buy out of the project" and would not interface with Lee during Lee's presentation of sales materials and/or proposals.


**Opinion #2:  It is likely that Lee is mistaken in his description of having been near the cutting of AC pipe when he was employed as a salesman at Underground Supply.  His exposure to pipe cutting, if any, would be infrequent.**

<u>Basis 2.1.</u>   Lee said that he only sold an average of 2 jobs each year that involved AC pipe while at Underground.  Lee described visiting jobsites on average once a week to make certain that the proper materials were on a particular job.  To the extent and frequency that this actually occurred, it likely would be conducted where the materials were being off-loaded and stored and not near the advancing end of the pipe line where pipe cuts would be made.

<u>Basis 2.2.</u>   JMM manufactured AC pipe in standard lengths of 13'.  Lee testified that a pipeline installation would advance at rate of 400-500 lineal feet per day.  This translates to about one 13' section of pipe being installed approximately every 15 minutes.  Pipe cuts, when required, occur in the immediate proximity of the advancing line.  It is unreasonable that Lee would keep pace with the advancing line, and thus be near pipe cutting, just to determine if the correct product had been sent to the jobsite as ordered.

<u>Basis 2.3.</u>   The jobs Lee sold had pipe lengths ranging from 2,000-7,000 lineal feet.  Again, based upon an installation rate of 400-500' of pipe per day, the pipe would be laid in 5-18 work days; thus, Lee only would be on site 1-4 times for an average of two times each year.


**Opinion #3:  It is likely that as a salesperson for Underground Supply Lee was knowledgeable of the standard practices and procedures for AC pipe installation.  Lee knew that certain OSHA standards concerning AC materials had been established; yet, he did not pay attention to**

Larry Winslowe Lee and  
Susan Provost Lee v.  
AK Steel Corporation, et al.

March 6, 2015  
Page 6

**them. His description of the pipe cutting does not comport with OSHA guidelines in place during the time he worked at Underground.**

<u>Basis 3.1</u>: Lee's description of AC pipe being cut with a saw and "it (dust) just blew up everywhere" (*L. Lee deposition Volume II, Lee v. AK Steel Corporation, et al., 3/25/14, page 290, lines 19-24*) is contrary to the work practices established by the A/C Pipe Producers Association.[1]

<u>Basis 3.2</u>: The Occupational Safety and Health (OSH) Act was adopted in 1970 and as early as 1971 the Occupational Safety and Health Administration (OSHA) issued standards for a workman's permissible exposure levels to asbestos and the required precautions to be taken by all workers subjected to potential asbestos exposure.

<u>Basis 3.2.1</u>: The cutting of AC pipe as described by Lee would require the saw to be outfitted with local exhaust ventilation and dust collectors per OSHA and ANSI Z9.2-1971. It is unlikely that workmen would perform their work with equipment not properly outfitted for the control of asbestos fibers.

<u>Basis 3.2.2</u>: According to OSHA, Lee's employer and the employer responsible for installation of any AC pipe had a duty to make certain that all work activities were conducted as dictated by OSHA. Accordingly, to the extent that there was any deviation(s) from the OSHA guidelines, these employers would bear a responsibility for said deviation(s).

I understand that discovery is in progress and this report is subject to modification should additional information be made available to me. Please find attached as a part of this report my current Curriculum Vitae which lists publications I have authored during the last ten (10) years and all cases in which I have given testimony, both at deposition and trial, over the last four (4) years. It establishes my qualifications and my compensation.

Sincerely,

Michael J. Berryman  
BERRYMAN ENTERPRISES, INC.

14-12-07E.Report

---

[1] "Recommended Work Practices for A/C Pipe", A/C Pipe Producers Association, 1977.

# CURRICULUM VITAE

**Name:** Michael J. Berryman
**Born:** September 23, 1957
Lincoln, Nebraska

### Occupation:

President and Chief Executive Officer
Berryman Enterprises, Inc.
General Contractor / Consultant
426 N.W. 5th Street
Oklahoma City, Oklahoma  73102

### Formal Education:

B.A., Vanderbilt University 1979
Molecular Biology

### Licenses:

Qualifying Agent (QA) and/or Qualifying Managing Employee (QME) for licensure and/or operating authorization in the following states:

| | |
|---|---|
| Arkansas | Louisiana |
| Virginia | Mississippi |
| West Virginia | Nebraska |

### Honors, Awards:

1996 Metro Journal Award
1997 Metro Journal Award
1998 Oklahoma Venture Forum Award
1998 Metro Journal Award
1999 Inc. 100 Award by Inc. Magazine and ICIC

### Building Codes:

| | |
|---|---|
| UBC | Uniform Building Code |
| BOCA | Building Officials and Code Administration |
| SBCCI | Southern Building Code Congress International |
| IBC | International Building Code |

### Compensation Structure:

Expert services and review, study, estimation and written opinions shall be billed at a rate of $245.00/ hour.

Expert services at deposition and trial shall be billed at $375.00/hour.

### Previous Depositions and Court Appearances:

1) Nicolas Lopez v. Farmers Insurance Company, Inc.
   Case #: CIV-2010-584-HE
   United States District Court
   Western District of Oklahoma
   Deposition Date: March 8, 2011

2) ACT South and Allergy Clinic v. Reco Electric
   Case #: CJ-2004-7049
   District Court of Tulsa County, State of Oklahoma
   Trial Date: April 6, 2011

3) Laurie Jill Hast and Charles Ronald Mooney v.
   Forrester Consulting, Old World and Carillon Homes
   Case #: CJ-2008-6397
   District Court of Oklahoma County, State of Oklahoma
   Deposition Date: April 20, 2011

4) Thomas Hennebry and Candice Hennebry v.
   Wayne Long Construction, Inc., C&C Copper & Roofing, etc.
   Case #: CJ-2008-1377-BH
   District Court of Cleveland County, State of Oklahoma
   Deposition Date: August 17, 2011

5) Michael and Roxanne Rohleder v.
   Matt Wilson Custom Homes and Matt Wilson v
   Isch & Associates and Crazy Horse Construction
   Case #: CJ-2008-3807
   District Court of Oklahoma County, State of Oklahoma
   Deposition Date: September 12, 2011

6) Thomas Hennebry and Candice Hennebry v.
 Wayne Long Construction, Inc., C&C Copper & Roofing etc.
 Case #: CJ-2008-1377-BH
 District Court of Cleveland County, State of Oklahoma
 Trial Date: October 12, 2011

7) George and Anna Browning v.
 Mark Dale, Carriage Homes and
 American National Property and Casualty Insurance
 Case #: CJ-2009-5529
 District Court of Oklahoma County, State of Oklahoma
 Deposition Date: January 3, 2012

8) Linda Fly, Nina Jonson, and Nancy Sumrall as Co-Trustees v.
 Security General
 Case #: CJ-2005-6363
 District Court of Oklahoma County, State of Oklahoma
 Deposition Date: February 14, 2012

9) David Miller v. Jose Valdez Gonzales, TMC Construction Company, Inc.
 And TMC Construction Company, LLC
 Case #: CJ-2009-4287
 District Court in and for Tulsa County, State of Oklahoma
 Deposition Date: March 19, 2012

10) Larry Hammer and Renay Hammer v.
 State Farm Fire and Casualty Company
 Case #: 5:11-cv-00157-HE
 United States District Court
 Western District of Oklahoma
 Deposition Date: April 17, 2012

11) The Travelers Indemnity Company v.
 Jones Public Works Authority, A Public Trust, Town of Jones City, an
 Oklahoma Municipality, and Pipeline Regulatory Consultants
 Cause #: CJ-2009-1089
 District Court of Oklahoma County, State of Oklahoma
 Deposition Date: September 20, 2012

12) Todd N. Tipton and Constance J. Tipton v.
 Matt Wilson Custom Homes, LLC, and Matt Wilson, an individual
 Case #: CJ-2010-5567
 District Court of Oklahoma County, State of Oklahoma
 Deposition Date: September 24, 2012

**Larry Winslowe Lee and**                                               **March 6, 2015**
**Susan Provost Lee v.**                                                 **Page 10**
**AK Steel Corporation, et al.**

13) Elizama G. Langer, individually and as the personal representative of the estate of Juergen J. Langer, Wolfgang Langer, Abraham J. Langer, Elizama I. Langer v. 3M Company a/k/a Minnesota Mining & Manufacturing Company
Case #: BC447695
Superior Court of the State of California
County of Los Angeles
Deposition Date: October 1, 2012

14) Aimee and Westley Carter v.
Pool Pros, Pool Pros, Inc., and Dustin Marco
Case #: CJ-2010-918
District Court of Comanche County, State of Oklahoma
Deposition Date: November 19, 2012

15) Linda Fly, Nina Jonson, and Nancy Sumrall as Co-Trustees v.
Security General
Case #: CJ-2005-6363
District Court of Oklahoma County, State of Oklahoma
Trial Date: December 6, 2012

16) Cesar Martinez v. Berryman Enterprises, Inc.
Case #: CJ-2012-2430
District Court of Oklahoma County, State of Oklahoma
Deposition Date: December 19, 2012

17) Harvey McIntyre and Laverne McIntyre v. 3M Company
Case #: 12-2-15555-1 SEA
Superior Court of Washington for King County
Deposition Date: January 10, 2013

18) Amy McHatton Jones v. Charles Jewell, Vernon Elmore and Elaine Elmore
Case #: CJ-2011-265
District Court of Carter County
State of Oklahoma
Deposition Date: February 5, 2013

19) John Milton Stephens and Sarah Stephens v. AC and S, Inc. et al
Case #: RG-12-641010
County of Alameda
Superior Court of the State of California
Deposition Date: February 21, 2013

Larry Winslowe Lee and  
Susan Provost Lee v.  
AK Steel Corporation, et al.

March 6, 2015  
Page 11

20) The Kenneth Jack Holloway Separate Revocable Trust  
Dated September 17, 2002, as Amended  v.  
Roberson Realty Group, Inc. and Steven Michael Roberson  v.  
Impact Construction Services  
Case #:  CJ-2010-2151  
County of Tulsa  
State of Oklahoma  
Deposition Date:  March 12, 2013

21) Great Northern Insurance v.  
John Watson Landscape Illumination, Inc.  
Case #:  12-CV-25-CVE-FHM  
United States District Court  
Northern District of Oklahoma  
Deposition Date:  April 12, 2013

22) Douglas W. Brant d/b/a Bethany Medical Clinic v.  
State Farm Fire and Casualty Company  
Case #:  CIV-12-656 F  
United States District Court  
Western District of Oklahoma  
Court Hearing Testimony:  May 1, 2013

23) Candelario Fuentes and Maria Fuentes v.  
State Farm Lloyds, State Farm General Insurance Company and State  
Farm Fire and Casualty Company  
Case #:  2010-61039  
11th Judicial District Court  
Harris County, Texas  
Deposition Date:  July 3, 2013

24) Candelario Fuentes and Maria Fuentes v.  
State Farm Lloyds, State Farm General Insurance Company and State  
Farm Fire and Casualty Company  
Case #:  2010-61039  
11th Judicial District Court  
Harris County, Texas  
Trial Date:  July 29 - 30, 2013

25) Todd N. Tipton and Constance J. Tipton v.  
Matt Wilson Custom Homes, LLC, and Matt Wilson, an individual  
Case #:  CJ-2010-5567  
District Court of Oklahoma County, State of Oklahoma  
Deposition Date:  September 4, 2013

26) Manuel Owen and Lyn Owen v.
 Farmers Insurance Company, Inc., a Kansas for profit insurance Corporation
 United States District Court
 Case CIV-12-384-JHP
 Eastern District of Oklahoma
 Deposition Date: October 31, 2013

27) Oolagah Assembly of God Church v.
 Western Fire Protection, Inc.
 Case #: CJ-2011-555
 District Court of Rogers County, State of Oklahoma
 Deposition Date: November 4, 2013

28) Jeanie Marvick and Bob Tharp v.
 State Farm Lloyds
 Cause #: 11-CV-1249
 56th Judicial District Court
 Galveston County, Texas
 Deposition Date: December 12, 2013

29) Paula Sue Miesowitz, as trustee of the Gray Family Revocable Trust Dated 5/12/93 v.
 Greater Plumbing, Inc., an Oklahoma Corporation, Doug Rankin, individually, Cole's Quality Construction, Inc., an Oklahoma Corp.
 Case #: CJ-2012-3635
 District Court in and For Tulsa County, State of Oklahoma
 Deposition Date: February 12, 2014

30) Shelba Bethel, an individual; The Shelba J. Bethel Trust; Lash Enterprises, LLC, an Oklahoma corporation v.
 Barnett-Clark Construction, LLC, an Oklahoma limited liability company; Comfortworks, Inc., an Oklahoma corporation; C&S Heating and Air Conditioning, Inc., an Oklahoma corporation; and Costigan & Associates, Inc., an Oklahoma corporation
 Case #: CJ-2010-55
 District Court of Cleveland County, State of Oklahoma
 Deposition Date: February 21, 2014

31) Trinity Baptist Church v. Brotherhood Mutual Insurance Services, LLC. and Sooner Claims Service, Inc.
 Case #: CJ-2011-1157
 District Court of Oklahoma County, State of Oklahoma
 Deposition Date: May 9, 2014

32) Kimberley K. Ramsey v. Farmers Insurance Company, Inc., a Kansas Corporation, and Farmers Insurance Exchange
Case No. CJ-2013-962
District Court of Cleveland County, State of Oklahoma
Deposition Date: May 13, 2014

33) Maria D. Rodriguez v. State Farm Lloyds and Luke Andrew Garcia
Case # DC-13-00992-K
192nd Judicial Court Dallas County, Texas
Deposition Date: June 4, 2014

34) Haiwang Tang and Xiaohong Hu v. Richardson Homes
Case No. CJ-2012-0645
District Court of Oklahoma County, Oklahoma
Deposition Date: July 29, 2014

35) Gray Construction, Inc. and Burdette Construction Co., v. Laura E. Knight
Case No. CJ-2012-545
District Court of Canadian County, Oklahoma
Deposition Date: August 7, 2014

36) AC Dwellings, LLC v. John W. Shawver, III and Carrie M. Shawver
Case No. 71 527 E 00367 13
American Arbitration Association
Deposition Date: August 26, 2014

37) AC Dwellings, LLC v. John W. Shawver, III and Carrie M. Shawver
Case No. 71 527 E 00367 13
American Arbitration Association
Testimony Date: September 17th and 18th, 2014

38) Bruce and Mary Ann Erickson v. A.O. Smith Corporation et al.
Case No. 13-L-1962
In the Circuit Court Third Judicial Circuit Madison County, Illinois
Telephonic Deposition Date: October 21, 2014

39) Maria D. Rodriguez v. State Farm Lloyds and Luke Andrew Garcia
Case # DC-13-00992-K
192nd Judicial Court Dallas County, Texas
Trial Testimony Date: October 29, 2014

40) Gwen LeClerc Revocable Living Trust v. Candelaria Foster, LLC
Case No. 01-14-0000-5564
American Arbitration Association
Deposition Date: January 6 and 7, 2015

41) Don Allen & Donnie Allen (Father & Son)
    v Burlington Northern Santa Fe Railway Co
    Case No. CJ-2012-75
    In the District Court of Marshall County
    State of Oklahoma
    Deposition Date: January 19, 2015

42) John and Kelly Whitney v Alan and Erica Greenfield
    Case No. CJ-2013-3511
    In the District Court of Tulsa County, State of Oklahoma
    Deposition Date: January 28, 2015

43) Pavecon v Markwell Paving Company
    Case No. CJ-2011-9962
    In the District Court of Oklahoma County, State of Oklahoma
    Deposition Date: February 06, 2015

44) The Gwen LeClerc Revocable Living Trust v Candelaria Foster, LLC
    Case No. 01-14-0000-5564
    American Arbitration Association
    Trial Testimony Dates: Feb 26 and Feb. 27, 2015