IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-826-FL


LARRY WINSLOWE LEE and SUSAN )
PROVOST LEE, )
 )
             Plaintiffs, )
 )
     v. )            (Sealed)[2]
 )            ~~(Sealed)~~ ORDER
 )
CERTAINTEED CORPORATION; )
GENUINE PARTS COMPANY, d/b/a )
National Automotive Parts Association )
(a/k/a NAPA); J-M MANUFACTURING )
COMPANY, INC., sued individually and )
as parent and alter ego to J-M A/C Pipe )
Corporation; and PNEUMO ABEX LLC, )
sued individually and as successor-in- )
interest to Abex Corporation and as )
successor-in-interest to American )
Brakeblok, )
 )
             Defendants.[1] )


        This matter is before the court on the following motions filed by defendant J-M

Manufacturing Company, Inc. ("JMM"), which are ripe for ruling:

1.      Motion to compel compliance with the court's July 30, 2015, order (DE 226);

2.      Proposed sealed motion for further order concerning plaintiffs' counsel's continued use of

        attorney-client privileged information and for sealing of transcript (DE 238);

_____

        [1] The court has constructively amended the caption of this order to reflect dismissal of those defendants that
have been terminated from this action, as set forth in more detail herein.

        [2] The court has entered contemporaneously herewith a redacted public version of this order.

3.      Motion to seal proposed sealed motion (DE 239);

4.      Motion to strike, or, in the alternative, to seal plaintiffs' supplemental response, filed by

        defendant JMM (DE 249).

Also before the court is plaintiffs' motion for voluntary dismissal, pursuant to Federal Rule of Civil

Procedure 41(a) (DE 284).[3] Briefing and decision on fifteen expert-related motions have been held

in abeyance pending the court's ruling on plaintiffs' motion for voluntary dismissal.

## BACKGROUND

Plaintiffs brought this action on December 2, 2013, seeking relief for personal injury and loss

of consortium, arising from plaintiff Larry Winslowe Lee's ("Larry Lee") mesothelioma diagnosis

on or about September 13, 2013. Plaintiffs allege that Larry Lee's condition resulted from asbestos

exposure during his employment as a mechanics' helper, maintenance laborer, inspector,

construction worker, and pipe salesman, as well as during automotive maintenance work performed

on his own personal vehicles and those of his family.

In their complaint, plaintiffs originally asserted claims against a number of defendants

engaged in manufacturing and sale of various goods.  These original defendants were 1) AK Steel

Corp.; 2) Briggs & Stratton Corporation; 3) Certainteed Corporation ("Certainteed"); 4) Clow Valve

Company; 5) Dana Companies LLC; 6) Deere & Company; 7) Eckler's Corvette; 8) Ford Motor

Company; 9) Formosa Plastics Corporation U.S.A.; 10) Genuine Parts Company ("Genuine Parts");

11) Grinnell LLC; 12) Hajoca Corporation; 13) Hammer & Steel, Inc.; 14) Honeywell International,

---

[3]  In addition, plaintiff filed on March 16, 2016, a motion to substitute Susan Provost Lee, individually and as
personal representative of the estate of Larry Winslowe Lee, deceased, as well as a motion for leave to amend to reflect
this substitution and dismissal of claims as a result of the substitution and prior orders of the court.  Where this motion
is not yet ripe, the court will address the motion to substitute and motion to amend by separate order.  As noted herein,
the filing of these two motions does not substantively impact the court's analysis of the instant motions.

Inc.; 15) JMM; 16) Kawasaki Motors Corp., USA, 17) McWane Inc.; 18) Pfizer Inc.; 19) Pneumo

Abex LLC ("Pneumo Abex"); 20) Special Electric Company, Inc.; 21) Union Carbide Corporation;

and 22) Yamaha Motor Corporation, U.S.A.

These defendants were alleged to have acted negligently in putting asbestos or asbestos-containing products into interstate commerce (First Cause), to have breached implied warranties that asbestos materials were of good and merchantable quality and fit for their intended use (Second Cause), to have acted willfully and wantonly in exposing plaintiff Larry Lee to asbestos (Third Cause), to have committed false representation and fraud regarding the dangers of asbestos exposure to plaintiff Larry Lee (Fourth Cause), and to have failed to warn plaintiff Larry Lee of the dangers associated with asbestos exposure (Fifth Cause). A final defendant, Metropolitan Life Insurance Company was alleged to have engaged in a conspiracy and to be liable for punitive damages, where it was asserted that it aided and abetted the negligence and marketing of asbestos-containing products (Sixth Cause). Plaintiffs also alleged conspiracy and punitive damages liability against defendants Formosa Plastics Corporation, U.S.A. and JMM for the manufacture and sale of asbestos-containing products (Seventh Cause).

Over the course of this case, all defendants except for the four now remaining, JMM, Certainteed, Genuine Parts, and Pneumo Abex, have been dismissed either by voluntary dismissal or by court order.[4] In addition, the court has made several decisions on the merits of claims asserted against these four remaining defendants. The court dismissed the fraud claim against defendant JMM on January 26, 2015, and against Genuine Parts on March 10, 2015. The court granted in part

---

[4] The court notes receipt of report through the clerk's office on January 14, 2016, of a reported settlement involving defendant Genuine Parts. In such report it was noted that a dismissal of this defendant would be forthcoming. To date no stipulation of dismissal with respect to defendant Genuine Parts has been filed. Accordingly, for purposes of the present order, the court treats defendant Genuine Parts as one of four remaining defendants in this case.

3

and denied in part defendant JMM's partial motion for summary judgment on July 16, 2015, dismissing plaintiffs' claims to the extent they arise from "pre-1983 exposures to Johns-Manville asbestos cement pipe," but allowing claims for post-1983 exposures to remain. (DE 210). On July 27, 2015, the court granted Genuine Parts's motion for partial summary judgment filed by as to plaintiffs' willful and wanton conduct claim. The court also denied the notice by defendant Pneumo Abex seeking to adopt and incorporate the motions for summary judgment filed by other defendants.

As pertinent to the instant motion to compel compliance, in its July 30, 2015, order, the court addressed the privileged nature of one of the exhibits plaintiffs had attached in opposition to JMM's summary judgment motion: an unredacted JMM internal memorandum dated August 11, 1983 ("Exhibit 12"). (DE 164-13). In response to plaintiff's filing of Exhibit 12, defendant JMM sought through motion to strike and for protective order the following relief:

> [JMM] requests this Court remove [Exhibit 12] and all references thereto from the Court's docket and order Plaintiffs and their counsel to i) refrain from seeking discovery, publishing, and/or relying on [Exhibit 12] in this, or any other, asbestos litigation; and ii) return or destroy all copies of [Exhibit 12].

(DE 171 at 2). Plaintiffs argued in opposition that Exhibit 12 was not privileged and that any privilege had been waived by disclosure in prior asbestos cases.

In the court's July 30, 2015, order, the court granted defendant JMM's motion on the terms set forth in that order. In particular, the court first concluded that "Exhibit 12 is protected by attorney client privilege and defendant JMM has not waived such privilege." (DE 217 & 221 at 20). With respect to the form of relief granted, the court ordered two categories of relief. First, the court sealed Exhibit 12 on the court's docket, and also sealed plaintiffs' memorandum of law discussing the Exhibit 12. (Id. at 21). The court also provisionally sealed its own order, and the order has since been filed in redacted form, with all descriptions of Exhibit 12 removed. (See DE 221).

<u>Second</u>, the court ordered the following relief:

> The court grants defendant JMM's request that plaintiffs immediately return or destroy any copies of Exhibit 12 that plaintiffs have in their possession. Certification of this action shall be made on the record by plaintiffs and signed by counsel by the close of business Monday, August 3, 2015, documenting 1) manner and method by which Exhibit 12 was held by or on behalf of plaintiffs including anyone associated with their representation  (i.e. paper retention and/or electronic detention); and 2) actions taken compliant with this order to either return or destroy all copies however maintained of Exhibit 12.

(DE 217 & 221 at 21).  Finally, the court limited the relief granted as follows:

> The remainder of the requested relief concerns discovery issues in this case that are moot, given that discovery has closed, is overreaching, and/or potentially implicates other proceedings over which this court lacks jurisdiction.  Accordingly, the court declines to award these other requested forms of relief.

(<u>Id.</u>).

On August 3, 2015, plaintiffs' lead counsel, Mr. Kevin W. Paul ("Paul"), with the law firm Simon Greenstone, Panatier, Bartlett, ("Simon Greenstone"), appearing <u>pro hac vice</u>, filed the following statement in certification:

> 1) Exhibit 12 was held on behalf of Plaintiffs by undersigned counsel in the client's electronic file on the computer network of Simon Greenstone Panatier Bartlett, PC, in Dallas, Texas. Exhibit 12 was not retained on behalf of Plaintiffs in paper or hard copy form.
> 2) Undersigned counsel has deleted the electronic/digital file of Exhibit 12 from the client's electronic file. Plaintiffs are no longer in possession of any copies of Exhibit 12.

(DE 219).  This document was not signed by plaintiffs' local counsel.  On August 10, 2015, defendant JMM objected to this certification, requesting local counsel file separate certification in compliance with local rules, and seeking clarification from Simon Greenstone as to the whether all copies of the privileged document were destroyed.  Plaintiffs' local counsel complied on August 17, 2015, and is not implicated in the instant motion.  (DE 223).  Simon Greenstone provided

supplemental certification on August 17, 2015, stating as follows:

> 1) Simon Greenstone Panatier Bartlett, PC, maintains copies of the document known as Exhibit 12 in the electronic files of other clients who have lawsuits against Defendant J-M Manufacturing . . . .
> 2) Undersigned counsel did not read the Court's original order (D.E. 221) to require destruction copies of Exhibit 12 held by Simon Greenstone Panatier Bartlett, PC, on behalf of other clients . . . .
> 3) One of the serious concerns of undersigned counsel is that the firm cannot ethically destroy documents kept in the files of other clients not before this Court . . . .
> 4) For the reasons stated herein, undersigned counsel submits that the destruction of Plaintiffs' copy is all that is and should be required by the Court.

(DE 224). In response, on August 21, 2015, defendant JMM filed the instant motion to compel Simon Greenstone to comply with the court's prior order. While that motion was pending, on October 26, 2015, defendant JMM filed the instant proposed sealed motion for further order to compel compliance, and its motion to seal the same. On November 16, 2015, Simon Greenstone filed a supplemental response to defendant JMM's motion to compel compliance, but filed no response to defendant JMM's subsequent motions. On November 20, 2015, defendant JMM filed the instant motion to strike, or in the alternative, to seal Simon Greenstone's supplemental response.

Between November 24, 2015 and November 30, 2015, the parties filed fifteen expert-related motions. The four remaining defendants filed, or joined in, motions to exclude certain expert testimony proffered by plaintiffs. (DE 251, 253, 261, 268, 270, 274, 278, 280). Plaintiffs filed motions to exclude certain expert testimony proffered by defendants. (DE 255, 257, 259, 262, 264, 267, 272).

On December 17, 2015, plaintiffs filed the instant motion for voluntary dismissal, accompanied by a motion to stay proceedings pending decision on the motion for voluntary dismissal. Defendant Certainteed responded on December 23, 2015, that it did not oppose the

motion to stay. Defendant JMM responded on January 7, 2016, in opposition to the motion for voluntary dismissal and to the motion to stay. On January 11, 2016, Pneumo Abex, joined by Certainteed, filed oppositions to plaintiffs' motion for voluntary dismissal. In the meantime, on January 8, 2016, plaintiffs and the four remaining defendants, filed memoranda in opposition to the expert-related motions.

On January 14, 2016, the court granted in part the motion to stay proceedings, and held in abeyance ruling on those motions in limine now pending until resolution of the motion for voluntary dismissal. The court clarified on January 25, 2016, that the parties may hold in abeyance making any further filings regarding the motions in limine until resolution of the instant motion for voluntary dismissal.

## DISCUSSION

A.     Motion to Compel Compliance

Defendant JMM argues that plaintiffs' counsel must certify that "any and all copies of the privileged document have been destroyed." (DE 227 at 6). Defendant JMM in effect seeks to have plaintiffs' counsel destroy all copies of Exhibit 12 in its possession, whether such copies are maintained for the purpose of this case or any other case in any other jurisdiction.

This relief, however, is not what the court previously ordered. Rather, the court ordered that "plaintiffs immediately return or destroy any copies of Exhibit 23 that plaintiffs have in their possession." (DE 217 & 221 at 21) (emphasis added). The court then directed counsel to certify "this action" by documenting "actions taken compliant with this order to either return or destroy all copies however maintained of Exhibit 12." (Id.).

Further, the court denied the "remainder of the requested relief" sought by defendant JMM.

(Id.). As noted above, the relief denied included the express direction that "Plaintiffs and their counsel . . . i) refrain from seeking discovery, publishing, and/or relying on [Exhibit 12] in this, or any other, asbestos litigation; and ii) return or destroy all copies of [Exhibit 12]." (DE 171 at 2) (emphasis added). The court noted that such other relief is, among other things, "overreaching, and/or potentially implicates other proceedings over which this court lacks jurisdiction." (DE 217 & 221 at 21).

Defendant suggests that the court's directive to "return or destroy all copies" supports its current request for relief. To the extent the court was ambiguous or unclear in its July 30, 2015, order, the court now amends and clarifies said order to make explicit the limit of relief. In particular, the court does not require plaintiffs' counsel, Simon Greenstone, to destroy all copies of Exhibit 12 in Simon Greenstone's possession, as requested by defendant JMM. As suggested by the court in limiting the relief provided in its July 30, 2015, order, defendant has not provided any basis for the court's authority or jurisdiction to do so, much less the court's ability to enforce such an order in other jurisdictions.

Defendant cites one case in which a court ordered a party "and her counsel . . . to destroy all copies of the privileged documents in their possession or control." Fuller v. Interview, Inc., No. 07CIV.5728RJSDF, 2009 WL 3241542, at *8 (S.D.N.Y. Sept. 30, 2009). Fuller is inapposite. The privileged document in that case directly involved and referenced the plaintiff and her employment, the subject of the plaintiff's suit. Id. at *1. There was no suggestion the document potentially could have had any use outside of the plaintiff's employment dispute in other court proceedings or jurisdictions. See id. at *1, 7. The court's directive to destroy all copies in counsel's possession in Fuller thus did not raise issues regarding the jurisdictional reach of the court's order. By contrast,

Exhibit 12 has been used in one form or another in multiple proceedings and jurisdictions, and it potentially could be used in any jurisdiction in the United States in which defendant JMM is sued for an asbestos related injury.

Defendant JMM argues that Federal Rule of Civil Procedure 26(b)(5)(B) supports its position that Simon Greenstone must destroy any and all copies of Exhibit 12. That provision, however, applies only to "part[ies]," where it states that "<u>a party</u> must promptly return, sequester, or destroy the specified information and any copies <u>it</u> has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if <u>the party</u> disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim." Fed. R. Civ. P. 26(b)(5)(B) (emphasis added). By its terms, then, the rule restricts actions that a party may take with respect to a privileged document, not actions that a law firm may take with respect to the privileged document on behalf of other parties. In addition, the rule applies only to discovery in a particular case, not a set of discrete cases involving similar claims or the same law firm.

Defendant JMM also suggests that this court has authority to order Simon Greenstone to destroy any and all copies of Exhibit 12, based upon the court's authority to issue injunctive relief, or to impose disciplinary sanctions. Defendant JMM cites, for example, Federal Rules of Civil Procedure 11 and 65, as well as Local Civil Rule 83.1. The premise of defendant JMM's argument is flawed, however. The court has made no findings that would support an award of sanctions or injunctive relief against Simon Greenstone under such rules. Moreover, sanctions for discovery issues, provided under Federal Rule of Civil Procedure 37, are more circumscribed, and limited to a case-by-case basis, in contrast to the inherent sanction power vested in the court under Rule 11.

9

<u>See</u> Fed. R. Civ. P. 11(d).

Defendant JMM points to the court's reference to "improper conduct" in its July 30, 2015, order. But this reference, considered in context, does not provide support for the relief here sought. In particular, in the course of considering factors bearing on the waiver issue, the court noted: "it appears that a certain degree of improper conduct occurred following the <u>Hardcastle</u> disclosure, not present in a usual case of inadvertent disclosure, which misled this defendant and resulted in dissemination of Exhibit 12 among plaintiffs' law firms [i.e., law firms representing parties seeking damages] in asbestos litigation." (DE 217 & 221 at 13-14). Notably absent from the court's statement is any finding that Simon Greenstone in particular ever engaged in improper or sanctionable conduct, much less in the instant matter. The court's statement served, at most, to identify a basis for the fairness factor in the waiver determination, not a basis for Rule 11 sanctions or Rule 65 injunctive relief directly against Simon Greenstone in this case.

In sum, defendant JMM has not provided a basis for expanding the scope of the court's relief to require Simon Greenstone to destroy any and all copies of Exhibit 12 in its possession. To the extent the court's prior order was unclear, the court now amends and clarifies its prior ruling as set forth herein. Therefore, defendant JMM's motion to compel compliance is denied.

B.     Motion for Further Order and to Seal

In its motion for further order, defendant JMM raises a separate issue regarding plaintiffs' use of Exhibit 12, which requires further clarification of the court's July 31, 2015, order, and a new certification of compliance by Simon Greenstone.

In particular, defendant JMM notes that on October 21, 2015, Paul, of Simon Greenstone, deposed JMM's expert witness Mr. John Spencer ("Spencer"). In that deposition, Paul began

10

questioning Spencer as follows:

> Q. [Paul]. Are you aware of a memo that discussed ███████████████████████████
> ████████████████████
>
> [JMM Counsel:] Objection, objection –
>
> Q. [Paul] – ███████████ –
>
> [JMM Counsel:] – don't answer that question.
>
> Q. [Paul] – ███████████████?
>
> [JMM Counsel:] You – I'm going to stop this deposition if you're going to continue to ask questions about that. That is –
>
> [Paul] Are you –
>
> [JMM Counsel:] – that's an outrageous position, particularly given what's – the order from the judge in this case. And Court Reporter, I ask you mark that question to show the violation of that order.
>
> [Paul] Hey, we're not in Delaware, buddy. Okay? You get your objection, and that's it. All right?
>
> [JMM Counsel:] He's not answering that question –
>
> [Paul] We're not – we're not in your little –
>
> [JMM Counsel:] – and I'll suspend the deposition, buddy –
>
> [Paul] We're not in your little cupcake jurisdiction of Delaware, okay? We're in federal court –

(DE 238-2 Tr. 24:4-25:8). After further exchange between counsel, Paul attempted to continue

questioning as follows:

> Q. [Paul] Mr. Spencer, hypothetically, if Johns-Manville was aware that asbestos was hazardous –
>
> [JMM Counsel:] – First of all, it's not Johns-Manville, Mr. Paul. And second of all, I'm not going to – let you ask a hypothetical either.

11

[Paul]  I can ask a hypothetical question.  There's nothing –

[JMM Counsel:]  He's not answering it.

[Paul]  – wrong with that –

[JMM Counsel:]  He's not answering it.

[Paul] – there's no rule . . . .

Q. [Paul] I'll give you a hypothetical, okay? If a company knows that asbestos that they're using in their asbestos cement pipe can kill people and they choose to continue to use it because they gain a profit of it, is that reasonable for a manufacturer to do?

(DE 238-2 Tr. 26:9-27:15).

Defendant JMM contends that this line of questioning by Paul evidences Simon Greenstone's failure to comply with the court's order, and that Simon Greenstone should be ordered to refrain from continuing to attempt to put the content of Exhibit 12 in public records. In its July 30, 2015, order, however, the court did not state explicitly that plaintiffs' counsel could not "use" the contents of Exhibit 12, although such restriction was implicit from the court's order.  (See DE 217 & 221 at 21).  In addition, the court's order was also limited to complete, unredacted, versions of Exhibit 12. (See, e.g., DE 217 & 221 at 6, 8).

As a result of these two factors, Paul's challenged line of questioning of Spencer falls, at least in part, within a grey area of interpretation of the court's July 30, 2015, order.  As such, the court will not make a bright line pronouncement as to whether Paul was not in compliance with the court's July 30, 2015, order.  Nevertheless, the court now amends and clarifies its July 30, 2015, order, to make more explicit the contours of obligations of Simon Greenstone going forward in this case.  In order to protect the privileged nature of Exhibit 12, the court directs Simon Greenstone to file a renewed certification, within 14 days of the date of this order stating:

(a.) Plaintiffs have returned or destroy any copies of Exhibit 12 that plaintiffs have in their possession.

(b.) Simon Greenstone will not maintain any copies of Exhibit 12 (whether in electronic, paper, or other storage form), on behalf of plaintiffs.

(c.) Simon Greenstone will not use Exhibit 12, or its contents in unredacted form, on behalf of plaintiffs in this case.

Based on this clarified standard, the question posed by Paul at page 24, lines 4-12, of the Spencer deposition, specifically referencing Exhibit 12 and summarizing the entirety of its contents, impermissibly discloses privileged information. Because it contains information the court has determined to be privileged, the transcript must be sealed and the parties must submit jointly a redacted form of the transcript within 14 days of the date of this order omitting that privileged portion of the transcript. In this respect, defendant JMM's motion for further order and motion to seal shall be granted.[5]

By contrast, while the hypothetical questions posed by Paul at pages 26 to 28 of the deposition transcript may be objectionable or improper for other reasons, not presently at issue before the court, such hypothetical questions do not constitute an impermissible disclosure of privileged material. In so holding, the court expresses no opinion on the propriety of the particular hypothetical questions posed or the potential admissibility of any answer that may be sought from using such question. Likewise, the court expresses no opinion on whether a more detailed form of

---

[5] The court declines to grant defendant JMM's further request for relief in the form of an order directing the court reporter and other parties present at the deposition to destroy, certify destruction of, or otherwise maintain the confidentiality of the transcript portion or any audio recording of the testimony. In making this request, styled as one for a protective order, defendant JMM has not demonstrated any risk of disclosure by the court reporter or any other parties besides plaintiffs present at the deposition.

hypothetical question could be said to constitute impermissible disclosure or use of Exhibit 12 or its unredacted contents, where such further detailed hypothetical question is not before the court.[6] It suffices that the hypothetical questions in their current form themselves do not use Exhibit 12 nor do they purport to summarize the contents of Exhibit 12. In this respect, defendant JMM's motion for further order and to seal shall be denied.

In sum, defendant JMM's motion for further order is granted in part and denied in part as set forth herein. With respect to defendant JMM's motion to seal its memorandum, the court grants in part and denies the motion. The court directs defendant JMM to file a redacted version of said memorandum of law within 14 days, removing only the content protected by attorney client privilege consistent with the terms of this order. The motion to seal is denied in remaining part.

C.    Motion to Strike

Defendant JMM moves to strike, or in the alternative to seal, plaintiffs' supplement to their response to defendant JMM's motion to compel compliance, filed November 16, 2015. In this supplement plaintiffs seek to "supplement their Response . . . with two subsequently decided decisions," describing and attaching two state court orders, dated November 5, 2015 and November 6, 2016, concerning the use of Exhibit 12 in those jurisdictions. (DE 246).

Motion practice in this court is governed by Local Civil Rule 7.1. That rule sets forth rules and deadlines for filing responses to motions. See Local Civil Rule 7.1(e). In addition, Rule 7.1 sets forth requirements for filing suggestions of subsequently decided authority. In particular, that rule permits filing of such a suggestion in the event of subsequently decided "controlling" authority.

---

[6] The court finds certain remarks by counsel Paul – particularly the statement "Hey, we're not in Delaware, buddy. . . . [W]e're not in your little cupcake jurisdiction of Delaware" – to be unprofessional. While concerning, these remarks by plaintiffs' counsel do not alter the substance of the court's analysis regarding the issues presented on the instant motions.

Local Civil Rule 7.1(g).  The cases cited by plaintiffs are not controlling.  In addition, that rule states that the suggestion "shall contain only the citation to the case relied upon if published or a copy of the opinion if the case is unpublished."  Id.  Plaintiffs' suggestion here does not comply with this requirement, because it discusses the state court orders cited.

Therefore, because it is not in compliance with Local Civil Rule 7.1, the court grants defendant JMM's motion to strike plaintiffs' supplement.

D.      Motion for Voluntary Dismissal

Plaintiffs move for voluntary dismissal of the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  Plaintiffs note that Larry Lee died November 16, 2015, triggering the need to appoint a personal representative for his estate and evaluate legal options.  Counsel for plaintiffs anticipates that the family will pursue a wrongful death claim in state court.  Defendants JMM, Pneumo Abex, and Certainteed, oppose voluntary dismissal on the basis that plaintiffs have not presented a valid reason for dismissal, and because it would be unduly prejudicial.  In the alternative, defendant JMM asks the court to suspend decision on plaintiffs' motion pending ruling on its motion to compel compliance and for further order.  In the alternative, defendant Pneumo Abex and Certainteed ask the court to impose conditions on a voluntary dismissal.

Federal Rule of Civil Procedure 41(a) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," if dismissal is sought after an opposing party has served an answer or motion for summary judgment.  Fed. R. Civ. P. 41(a)(2).  "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced."  Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).  "To fulfill this purpose, Rule 41(a)(2) . . . permits the district court to impose conditions on voluntary dismissal

to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." Id.

"It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation." Id. at 1274-75. In addition, "[s]ince Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of . . . a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice." Andes v. Versant Corp., 788 F.2d 1033, 1037 n. 4 (4th Cir. 1986). Nevertheless, the court may consider factors such as whether defendants have "incurr[ed] substantial costs of discovery" in determining whether dismissal is proper, or if conditions on dismissal are warranted. Id. at 1036; see Davis, 819 F.2d at 1276. The court must also "prevent[] plaintiffs from litigating, losing, and then wiping the slate clean by voluntarily dismissing their action." GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007).

In this case, defendants JMM, Pneumo Abex, and Certainteed, contend that voluntary dismissal would be inappropriate and prejudicial for several reasons. They first suggest that plaintiffs' reason for dismissal is disingenuous because Susan Lee has already been appointed administrator of the estate of Larry Lee, and amendment of the complaint is straightforward. With respect to prejudice, defendant JMM points to the substantial amount of discovery that has taken place in this case, the court's decisions on several motions for summary judgment, as well as its discovery motions regarding Exhibit 12. Defendant Pneumo Abex and Certainteed also point to the advanced stage of the litigation, along with the significant discovery and briefing that has already taken place on Daubert motions.

As an initial matter, the court rejects the suggestion that plaintiffs have not offered a viable reason for dismissal. While plaintiffs could continue litigation in this court by amending the complaint to account for the death of plaintiff Larry Lee, such a significant event as the death of a party in itself provides a legitimate reason "to evaluate the available legal options." (DE 284-1).[7] The court finds unpersuasive defendants' suggestion that plaintiffs are seeking to avoid an adverse ruling by this court or other impending decision contrary to their interests. Indeed, the court has not granted all the relief sought in defendants' motions for summary judgment or discovery motions. Likewise, the court finds too speculative defendants' suggestion that the court's recent decision in other asbestos litigation somehow signals an impending adverse ruling against plaintiffs in the present case.

In this respect, this case stands in contrast to circumstances suggested in some cases cited by defendants where plaintiffs have sought voluntary dismissal in order to avoid impending adverse rulings. See, e.g., Davis, 819 F.2d at 1274 ("[D]enial of voluntary dismissal is appropriate where summary judgment is imminent"); Skinner v. First Am. Bank of Va., No. 93-2493, 1995 WL 507264, at *2 (4th Cir. August 28, 1995) (noting voluntary dismissal improper when plaintiff is "faced with imminent adverse determination in a federal action") (citation omitted); St. Clair v. Gen. Motors Corp., 10 F. Supp. 2d 523, 531 (M.D.N.C. 1998) ("[T]he Court finds it significant that Plaintiff's motion was filed in direct response to Defendant's Motion for Summary Judgment . . . . [and] Plaintiff attempts to avoid the adverse consequences of his own failure to comply with the deadlines originally set out in the Joint Rule 26(f) Report."); Nesari v. Taylor, 806 F. Supp. 2d 848,

_____

[7] In this respect, plaintiffs' recent filing of motion to substitute and motion to amend does not undermine the legitimacy of plaintiffs' stated reason for seeking voluntary dismissal. Indeed, in the motion to substitute and motion to amend, plaintiff Susan Lee reiterates that she does not wish to pursue her wrongful death claims in this court, but moves to be substituted in order to preserve her right to these claims.

861 (E.D. Va. 2011) (noting voluntary dismissal should be denied "when a plaintiff seeks to circumvent <u>an expected adverse result</u>") (emphasis added).

In addition, much of the prejudice raised by defendants has been, or can be, alleviated by the rulings and conditions set forth in the present order. Any prejudice that would result from leaving discovery motions undecided has been resolved by the court's present ruling on such motions. Similarly, although the court does not have a basis to direct any state court to make a particular ruling as to privileged Exhibit 12, to alleviate prejudice of refiling suit in state court, the court will condition any voluntary dismissal on plaintiffs' certification, through counsel, that they will not use Exhibit 12 in any re-filed state court litigation against defendant JMM.

Next, in order to "prevent[] plaintiffs from litigating, losing, and then wiping the slate clean by voluntarily dismissing their action," <u>GO Computer, Inc.</u>, 508 F.3d at 177, the court will condition voluntary dismissal upon plaintiffs' certification that any claims in this case already dismissed by the court in a merits determination upon motion by any defendant will not be re-brought against such prevailing defendant in the re-filed case, and further that any such merits determinations will be deemed the law of the case in the re-filed case. <u>See, e.g.</u> <u>Davis</u>, 819 F.2d at 1274 ("If our previous opinion had established the scope of [defendant's] imputed liability to the plaintiff, the district court's order conditioning dismissal upon the plaintiff's agreement not to assert claims barred by the law of the case would have been entirely proper.").

Furthermore, with respect to the costs and expenses of discovery, "conditions should be imposed as a matter of course in most cases" requiring a plaintiff upon voluntary dismissal to pay a defendant's taxable costs and "agree to the use of discovered materials in any state court proceeding." <u>Davis</u>, 819 F.2d at 1276. Likewise, the court may direct a plaintiff to pay a portion

of a defendant's attorneys' fees for "work . . . [that will not] be easily carried over to litigation of the plaintiff's cause of action in state court." Id. Imposition of such conditions here is warranted in light of the substantial discovery and progress of the case in this court.

On the present record, however, without further submissions from the parties, the court is unable to determine the appropriate amount of taxable costs or attorneys' fees to impose as a condition of voluntary dismissal. Defendant Pneumo Abex suggests, for example, without further elaboration, that such taxable attorneys' fees necessarily include fees for "time spent taking expert depositions and preparing and responding to Daubert motions." (DE 307 at 9). But it is not clear that such work could not be carried over easily to litigation of remaining claims in state court, if plaintiff Susan Lee will be relying on the same experts in state court. Further submissions are necessary to enable the court to make a more reasoned determination of the appropriate taxable costs and attorneys' fees conditions to impose on voluntary dismissal.

Accordingly, the court will hold in abeyance decision on plaintiffs' motion for voluntary dismissal pending further submissions by the parties. If plaintiffs seek to proceed with voluntary dismissal for purposes of refiling in state court, within **14 days** of the date of this order plaintiffs must file a notice of their intention to do so under the conditions set forth above, subject to determination of appropriate taxable costs and attorneys' fees. In the event plaintiffs state their intention to proceed with voluntary dismissal under conditions, defendants shall have **14 days** from that notice to submit jointly a statement of taxable costs and attorneys fees for work that cannot be carried over easily to litigation of remaining claims in state court, as well as justification thereof under binding case law, including Davis, 819 F.2d at 1276. Plaintiffs then will have **14 days** to file any objection. Thereafter, the court will take up and finally decide the motion for voluntary

19

dismissal and impositions of necessary conditions.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1.    Defendant JMM's motion to compel compliance (DE 226) is DENIED; however, the court amends and clarifies its July 30, 2015, order as set forth herein.

2.    Defendant JMM's proposed sealed motion for further order (DE 238) is GRANTED IN PART and DENIED IN PART. The parties must submit jointly a redacted form of the Spencer deposition transcript within **14 days** of the date of this order omitting that privileged portion of the transcript specified herein. The court DIRECTS plaintiffs' counsel, Simon Greenstone, to file a renewed certification, within **14 days** of the date of this order stating:

(a.) Plaintiffs have returned or destroy any copies of Exhibit 12 that plaintiffs have in their possession.

(b.) Simon Greenstone will not maintain any copies of Exhibit 12 (whether in electronic, paper, or other storage form), on behalf of plaintiffs.

(c.) Simon Greenstone will not use Exhibit 12, or its contents in unredacted form, on behalf of plaintiffs in this case.

3.    Defendant JMM's motion to seal (DE 239) is GRANTED IN PART and DENIED IN PART. The court directs defendant JMM to file a redacted version of said memorandum of law within **14 days**, removing only the content protected by attorney client privilege consistent with the terms of this order.

4.    Defendant JMM's motion to strike (DE 249) is GRANTED. The clerk is DIRECTED to strike docket entry 246, allowing only court access to the originally filed material.

5. Decision on plaintiffs' motion for voluntary dismissal (DE 284) is HELD IN ABEYANCE pending further submissions by the parties. In particular, if plaintiffs continue to seek to proceed with voluntary dismissal for purposes of refiling in state court, plaintiffs must file within **14 days** of the date of this order a notice of their intention to do so under the conditions set forth herein, subject to determination of appropriate taxable costs and attorneys' fees. In the event plaintiffs file such notice, defendants shall have **14 days** from that notice to submit jointly a statement of taxable costs and attorneys fees for work that cannot be carried over easily to litigation of remaining claims in state court, as well as justification thereof under binding case law as set forth herein. Plaintiffs then will have **14 days** to file any objection. Thereafter, the court will take up and finally decide the motion for voluntary dismissal and impositions of necessary conditions. In the event that plaintiffs do not file notice of intent to proceed with voluntary dismissal on the conditions set forth herein, absent request for extension upon good cause shown, plaintiffs' motion for voluntary dismissal may be denied.

SO ORDERED, this the 28 th day of March, 2016.

LOUISE W. FLANAGAN
United States District Judge